[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12681
Non-Argument Calendar

_____

D. C. Docket No. 04-02840-CV-BBM-1

ERIC D. ECHOLS,

Plaintiff-Appellant,

versus

HOME DEPOT U.S.A., INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 30, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Eric Echols, an African-American, appeals the district court's grant of summary judgment in favor of Home Depot on his employment discrimination lawsuit, filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(2), and 42 U.S.C. § 1981. Echols alleged in his complaint that Home Depot discriminated against him by failing to hire him for an administrative position with the company. On appeal, he claims that the district court erred by finding that the reasons given for his non-selection were legitimate and not pretextual.

Upon review of the briefs and the record, we find that the district court correctly concluded that Echols failed to raise a genuine issue of fact as to whether Home Depot's proffered reasons for failing to hire him were pretextual. The record reflects that Marvin Ellison, an African-American and a Home Depot supervisor, initially offered the job to another African-American who declined it. He then selected Bret Graddy, a white male, because of his superior experience and qualifications. Ellison says that Echols was not selected because of his lack of a college degree, lack of strategic planning experience, and a history of job hopping. We find nothing in the record, other than Echols's own unsupported claims, to support a conclusion that these reasons were a pretext for discrimination or that a racial motivation otherwise affected Ellison's decision-making process.

Accordingly, we affirm.

**AFFIRMED.**